UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC; and CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ROMERO GENERAL CONSTRUCTION CORP., a California corporation; JEFFREY ROHRING, an individual,<br><br>Defendants. | No. 2:14-cv-01469-TLN-KJN<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR EXTENSION OF TIME FOR SERVICE OF PROCESS** |

This matter is before the Court pursuant to Plaintiff United States of America, for the use of Cemex Construction Materials Pacific, LLC, and Cemex Construction Materials Pacific, LLC's (collectively "Cemex") Motion for Leave to File Second Amended Complaint and for Extension of Time for Service of Process. (Mot. for Leave to Am., ECF No. 16.) Defendants Romero General Construction Corporation ("Romero") and Jeffrey Rohring ("Rohring") (collectively "Defendants") have filed an opposition to Cemex's motion. (Opp'n, ECF No. 18.) The Court has carefully considered the arguments raised in Cemex's motion and reply, as well as Defendants' opposition. For the reasons set forth below, Plaintiffs' Motion for Leave to File a Second Amended Complaint and for an Extension of Time for Service of Process is GRANTED.

**I.  Background**

Cemex is engaged in the business of manufacturing and supplying ready-mix concrete, aggregate, and asphalt for public and private works of improvement.  (First Am. Compl., ECF No. 4 at ¶ 3.)  On or about January 4, 2010[1], Cemex and Romero entered into a written Credit Application and Agreement ("Credit Agreement").  (ECF No. 4 at ¶ 8.)  Cemex alleges that it agreed to furnish Romero certain ready-mix concrete, aggregate, and/or asphalt, on a credit basis, in connection with a public work of improvement known as Travis Air Force Base–Parker Road Paving, located in Fairfield, California, and designated as Contract No. FA4427-11-D-0101 ("Parker Road").  (ECF No. 4 at ¶ 8.)  In return, Romero had to tender payment for such materials as required by the terms and conditions of the invoices accompanying the materials.  (ECF No. 4 at ¶ 8.)

Cemex states that it performed its obligations under the Credit Agreement, and that the materials were supplied between August, 2012 and October, 2013.  (ECF No. 4 at ¶¶ 9, 10.)  Cemex alleges, however, that Defendants are in breach for refusing to fully pay Cemex for the materials supplied to Parker Road on or before the last day of the month following each invoice date.  Cemex alleges that Romero owes it $733,434.57 under the Credit Agreement.  (ECF No. 4 at ¶ 10.)

Plaintiffs filed the original Complaint on June 19, 2014, and refiled the instant FAC (ECF No. 4) on June 20, 2014, after discovering a typographical error.  (*See* ECF No. 16 at 3.)  The FAC brings six causes of action: 1) breach of contract against Defendant Romero; 2) breach of personal guaranty against Defendant Rohring; 3) open book account against Defendant Romero; 4) goods sold and delivered against Defendant Romero; 5) account stated against Defendant Romero; and 6) recovery on the Miller Act Payment Bond against Defendants Romero and the Gray Insurance Company ("Gray"). (ECF No. 4.)  In the instant motion Cemex contends, as discussed below, that the correct surety on the bonds issued in connection with their materials is the Hudson Insurance Company ("Hudson"), not Gray.  Cemex and Gray stipulated to the

---

[1] The credit agreement attached to the FAC bears this date, next to Defendant Rohring's signature.  (ECF No. 4 ay 9.)

2

dismissal of Gray from this lawsuit on August 18, 2014.  (ECF No. 12.)

Specifically, Cemex contends it learned from Gray – after filing the FAC and serving Gray – that Romero did not use the materials designated for Parker Road on that project, but used them instead in other improvement projects located at Travis Air Force Base, including: 1) Travis Air Base, Paving Fort Douglas street and Adjacent Parking Lot, Contract No. FA4427-11-D0101, DO#4002; 2) Travis Air Base, Repair Parking Lot at Building 660, Contract No. FA4421-11-D-0101, DO#4004; 3) Travis Air Base, Repair Parking Lot Near Building 130, Contract No. FA4421-11-D-0101, DO#4006; and 4) Travis Air Base, Perimeter Road, Contract No. FA4427-11-D-0101, DO#4010.  (ECF No. 16 at 3.)  Cemex states it then served a Freedom of Information Act request on Travis Air Force Base seeking all payment bonds issued to Romero in connection with the projects.  (ECF No. 16 at 4.)  Cemex further alleges that after written discovery to Romero seeking the bonds on the projects on October 1, 2014, and after serving a notice of intent on October 9, 2014, to subpoena the bonds from Travis Air Force Base, Romero agreed to informally produce the correct bonds in exchange for Cemex's withdrawal of the subpoena.  (ECF No. 16 at 4.)  Subsequently, according to Cemex, it discovered that Romero's surety on the projects was Hudson, not Gray who was the surety currently stated in the FAC.  (ECF No. 16 at 4.)

Cemex seeks leave to file a second amended complaint which would make no substantive changes to the claims previously pled, but would substitute the correct surety, projects, and payment bonds to conform to the new information discovered.  (ECF No. 16 at 4.)  Romero is unwilling to stipulate to the filing of a second amended complaint.  (ECF No. 16 at 4; ECF No. 18 at 2.)

**II. Standard of Law**

Cemex moves to amend the complaint under Fed. R. Civ. Proc. 15(a)(2).  However, once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, and the deadline for amending pleadings set in the scheduling order has passed, Rule 16(b)(4) is implicated and provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Proc. 16(b)(4).  That is, the moving party (Cemex) must first show

1  good cause for amendment under Rule 16(b) and then if good cause is shown, the party must
2  demonstrate that the proposed amendment is proper under Fed. R. Civ. Proc. 15. *See Johnson v.*
3  *Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).   In this case, the scheduling
4  order was filed on November 7, 2014, roughly one week after Plaintiffs moved for leave to
5  amend, on October 30, 2014.  (*See* Pretrial Scheduling Order, ECF No. 17) (providing that "[n]o
6  joinder of parties or amendments to pleadings is permitted without leave of court, good cause having
7  been shown").

8  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party
9  seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good
10 cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*,
11 975 F.2d at 609.  For the reasons discussed throughout this Order – namely, Plaintiff's
12 allegations regarding when and how it learned that new projects and a new surety needed to be
13 added to the complaint – the Court finds Plaintiffs have met the burden of good cause, and
14 accordingly, this motion is analyzed under Fed. R. Civ. Proc. 15(a)(2).

15 Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's
16 written consent or the court's leave," and the "court should freely give leave when justice so
17 requires."  The Ninth Circuit has considered five factors in determining whether leave to amend
18 should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of
19 amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western*
20 *States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen*
21 *v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).  "[T]he consideration of prejudice to
22 the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d
23 1048, 1052 (9th Cir. 2003).

24 **III. Motion to Amend**
25 A. <u>Undue delay</u>
26 Cemex alleges it was under the mistaken belief that Romero had used its materials for
27 Parker Road, specifically because of Romero's representations.  (ECF No. 16 at 5.)  Cemex
28 asserts that upon discovery of this mistake, it diligently sought to learn the identity of the true

4

1  surety, Hudson. (ECF No. 16 at 5–6.) Cemex alleges that when it did learn of Hudson's identity
2  on October 13, 2014, it brought the instant motion to amend, filed on October 30, 2014. (ECF
3  No. 16 at 4.)
4       Defendants respond that Cemex knew or should have known that it sued the wrong surety
5  on the wrong project in July, 2014 when Defendants answered the FAC. The Answer (ECF No.
6  7) does state expressly that Gray was the incorrect surety. (*See* Opp'n, ECF No. 18 at 4–5,
7  excerpting the relevant portions of the Answer.) However, this does not speak to Cemex's claim
8  that it learned only in October that Hudson was the correct surety, and shortly after that filed the
9  instant motion.
10       Defendants also assert that it is "clear from CEMEX'[s] own invoices that CEMEX was
11  always informed there were numerous different projects." (ECF No. 18 at 6.) They have
12  attached invoices, apparently created by Cemex, containing the names of projects that Cemex
13  now seek to add. (ECF No. 18-1.) However, Cemex also attaches to the FAC a copy of a
14  "Performance Bond", dated November 23, 2011, and listing Gray as the surety, which the Court
15  infers is the document on which Cemex is claiming to base its knowledge that Gray was the
16  correct surety for this action. (ECF No. 4 at 12.) Without further fact finding, it is not clear what
17  Cemex knew or should have known. The Court finds no reason not to credit Cemex's statement
18  that it simply listed the Parker Road project in the FAC due to its belief that the Credit Agreement
19  covered that project and then subsequent to filing, learned that Cemex materials had been used in
20  other projects and a different surety covered those projects. Therefore, the Court cannot find that
21  Cemex unduly delayed in filing the motion to amend.
22  B. <u>Prejudice</u>
23       With respect to prejudice, Defendants do not identify how either Romero or Rohring will
24  be prejudiced; rather, they argue amendment will cause prejudice to Hudson. However, as an
25  initial matter, a party cannot enforce the legal rights of third parties. *See McCollum*, 647 F.3d at
26  879–80 ("a litigant may assert only his own legal rights and interests and cannot rest a claim to
27  relief on the legal rights or interests of third parties"). At present, the Court has heard nothing
28  from Hudson, and so cannot determine to what extent Hudson will be prejudiced.

C.  Statute of limitations and futility of amendment

Defendants also argue that amendment would be futile because claims against Hudson cannot meet the applicable statute of limitations ("SOL"). The parties agree that the SOL is governed by 40 U.S.C. § 3133(b)(4), which provides: "An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." According to the FAC, "between the dates of August 2012 and October 2013, CEMEX, at the request of Defendant ROMERO, supplied ready-mix concrete, aggregate and/or asphalt on a credit basis, for which CEMEX invoiced Defendant ROMERO in accordance with the Credit Agreement."  (ECF No. 4 at ¶ 9.) Thus the FAC, filed in June, 2014, was within the SOL, but claims brought after October, 2014 would not meet the SOL, absent some mechanism such as Fed. R. Civ. Proc 15(c)'s "relation back" to the FAC.  *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations"); *see* Fed. R. Civ. Proc. 15(c)(1)(C) (the requirements for relation back when the amended complaint names a new party are: 1) that the claims brought against the new party arise from the same transaction stated in the previous complaint; 2) that within the period for service provided by Fed. R. Civ. Proc. 4(m), normally 120 days, the new party had notice of the action such that there is no prejudice; and 3) that within the period provided by Rule 4(m), the new party knew or should have known of the action but for a mistake).

Defendants argue that the requirements for Rule 15's "relation back" cannot be met, and thus claims against Hudson will not meet the SOL.  However, their position is doubtful:  that where the new party to be brought in may have an SOL defense, the Court must resolve the SOL defense before permitting amendment under Rule 15, even in cases where the new party to be brought in has made no arguments on its own behalf.  *See Nelson v. Adams*, 529 U.S. 460, 467, n. 1 (2000). ("Even when an amendment relates back to the original date of pleading under Rule 15(c), as [plaintiff] contends its amendment does, the relation back cannot, consistently with due

6

process, deny a party all opportunity to be heard in response to the amendment.")

At some point, Hudson has to be able to respond to Cemex's argument, which is: the Court may for good cause shown extend the 120 day period for service of process under Rule 4(m), may do so retroactively, and then the extended period counts in Rule 15(c)(1)(C) in order to extend the period in which Hudson had notice, and knew or should have known, that the action would have been brought against it. (Pl.'s Reply, ECF No. 19 at 7–9). *See* Rule 4(m) ("if the plaintiff shows good cause for the failure [to serve a defendant within 120 days], the court must extend the time for service for an appropriate period.") *See U.S. v. 2164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004) ("a district court may … extend the time for service retroactively after 120-day service period has expired") (referencing *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). *See* the Advisory Committee Notes for the 1991 Amendments to the Federal Rules, which put in place the relevant parts of the current Rule 15(c) ("In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted…").[2] At this juncture the Court cannot find amendment would be futile, because Hudson has not responded to this argument.

Based on the foregoing, the Court finds as follows: there has been an absence of delay by Plaintiff; Defendant has failed to establish prejudice to Hudson; Defendant has failed to show that amendment would be futile; there has been no apparent bad faith on the part of Cemex; and while Plaintiff has previously amended the complaint, said amendment was solely to correct a typographical error in the original complaint. Thus, the Court GRANTS Cemex's motion to amend.

**IV.  Motion to Extend Time for Service of Process**

If "the plaintiff shows good cause for the failure [to serve process within 120 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. Proc. 4(m). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the

---

[2] Advisory Committee Notes to 1991 Amendments to Fed. R. Civ. Proc., accessed at https://www.law.cornell.edu/rules/frcp/rule_15, April 26, 2015.

following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Here, Cemex does not show that Hudson, the party to be served, received actual notice of the lawsuit, and thus the three part test from *Boudette* is not met. However, Cemex does meet the standard of showing that, at minimum, its actions constituted excusable neglect. In support, Cemex alleges it learned from Gray – after filing the FAC and serving Gray – that Romero did not use the materials designated for Parker Road on that project, but used them instead in other improvement projects located at Travis Air Force Base. Cemex then served a Freedom of Information act request on Travis Air Force Base seeking all payment bonds issued to Romero in connection with the other projects. After written discovery to Romero seeking the bonds, and after serving a notice of intent on October 9, 2014, to subpoena the bonds from Travis Air Force Base, Romero agreed to informally produce the correct bonds in exchange for Cemex's withdrawal of the subpoena. Subsequently, Cemex discovered that Romero's surety on the projects was Hudson. (ECF No. 16 at 3–4.) Defendants do not provide adequate reason for the Court not to credit these statements. In sum, the Court finds Plaintiff has shown good cause. Thus, the Court GRANTS Cemex's motion to extend time for service of process. Cemex is to serve Hudson within 14 days from the date of entry of this Order.

**V. Conclusion**

Cemex's Motion to Amend and to Extend Time for Service of Process is GRANTED. Cemex is instructed to file and serve the second amended complaint within 14 days of entry of this Order. Defendants shall file responsive pleadings within 21 days of being served.

IT IS SO ORDERED.

Dated: May 22, 2015

Troy L. Nunley
United States District Judge